KAREN P. HEWITT
United States Attorney

TOM STAHL, CBN 78291
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, California 92101

JUSTIN S. KIM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:      (202) 307-0977
Facsimile:      (202) 307-0054
E-mail:         justin.s.kim@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH INVESTMENT LP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Civil No. 08-cv-0110-BTM-BLM<br><br>MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS CLAIM ONE OF THE FIRST AMENDED COMPLAINT<br><br>Date:　　　May 16, 2008<br>Time　　　10:00 a.m.<br>Location:　Courtroom 15<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

### I.   INTRODUCTION

The United States of America, through its undersigned counsel, submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Claim One of the First Amended Complaint for lack of subject matter jurisdiction.  This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1).

Claim One of the First Amended Complaint ("FAC") alleges wrongful levy of Plaintiff's real property by the Internal Revenue Service ("IRS") and seeks relief under 26 U.S.C. §§ 6343(b) and 7426.

See FAC ¶¶ 1, 4-18. According to the pleadings, Plaintiff is a California limited partnership, which claims an interest in the real property located at 1280 Fourth Avenue, San Diego, California 92101 ("the Subject Property"). See id. ¶¶ 5, 8, 11. Plaintiff alleges that on or about July 17, 2006, the United States recorded a notice of federal lien against the Subject Property for the income tax liabilities of Don and Susanne Ballantyne ("the taxpayers") arising from the tax years 1985, 1986, 1990, and 1997. See id. ¶¶ 7, 11. The recorded notice asserted that Plaintiff was the nominee/alter ego of Susanne Ballantyne. Id. ¶ 12. Plaintiff filed with the IRS an administrative request for return of the unlawfully and illegally seized property under 26 U.S.C. § 6343(b), which was denied without a hearing. Id. ¶¶ 13-16.

The First Amended Complaint errs in conflating a lien and a levy. See, e.g., EC Term of Years Trust v. United States, 127 S. Ct. 1763, 1765, 1768 (2007) (defining, and distinguishing between, a federal tax lien and levy and explaining the separate statutory remedies for challenging a lien versus a levy); United States v. Williams, 514 U.S. 527, 536 (1995) (noting that the plaintiff could not challenge a federal tax lien under the wrongful levy statute and thus recognizing another remedy). Where–as here–the IRS never levied property, the Court lacks jurisdiction over a claim for wrongful levy under 26 U.S.C. §§ 6343(b) and 7426. For this reason, Claim One should be dismissed for lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), the defendant may move to dismiss an action for lack of subject matter jurisdiction. On such a motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941). Any waiver of this sovereign immunity must be unequivocally expressed and cannot be implied. Mitchell, 455 U.S. at 538. If sovereign immunity has not been waived, the suit must be dismissed. Hutchinson, 677 F.2d at 1327. Statutory waivers of sovereign immunity are to be strictly construed against such surrender, Safeway Portland Employees' Fed. Credit Union v. FDIC, 506 F.2d 1213, 1216 (9th Cir.

1974), and any suit that is brought must be in strict compliance with the terms of the statute, Sherwood, 312 U.S. at 590. The plaintiff bears the burden of demonstrating that sovereign immunity has been waived by the United States. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983), cert. denied, 466 U.S. 958 (1984).

### III.   DISCUSSION

The wrongful levy statute provides at 26 U.S.C. § 7426(a)(1) in pertinent part as follows:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

Thus, in order to fall within the waiver of sovereign immunity for suit under § 7426(a)(1), Plaintiff must (1) claim "an interest in or lien on such property" and (2) allege that "such property was wrongfully levied upon." See Arford v. United States, 934 F.2d 229, 232 (9th Cir. 1991).

The First Amended Complaint seems to allege that the IRS "levied upon" the Subject Property by recording a notice of federal tax lien against the Subject Property. Whether § 7426(a)(1) permits an action for wrongful levy to contest a federal tax lien was addressed by the Supreme Court in United States v. Williams, 514 U.S. 527.[1] In Williams, the plaintiff held an interest in real property, which was

---

[1] The Supreme Court recently restated the longstanding distinction between a federal tax lien and a levy:

> The Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. "A federal tax lien, however, is not self-executing," and the IRS must take "[a]ffirmative action . . . to enforce collection of the unpaid taxes." United States v. National Bank of Commerce, 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). One of its "principal tools," ibid., is a levy, which is a "legally sanctioned seizure and sale of property," Black's Law Dictionary 926 (8th ed. 2004); see also § 6331(b) ("The term 'levy' as used in this title includes the power of distraint and seizure by any means").

EC Term of Years Trust, 127 S.Ct. at 1765.

The Ninth Circuit has also expounded on the difference between a levy and a lien:

encumbered by federal tax liens arising from the liabilities of her former spouse. Id. at 529. In order to contest the lien, the plaintiff paid the third-party taxpayer's liabilities under protest and filed a refund action under 28 U.S.C. § 1346(a)(1). Id. The question before the Court was "whether the waiver of sovereign immunity in § 1346(a)(1) authorizes a refund suit by a party who, though not assessed a tax, paid the tax under protest to remove a federal tax lien from her property." Id. at 531. The Court held yes. See id. at 536.

In reaching its holding that the plaintiff could bring a refund action under § 1346(a)(1), the Court specifically noted that she could not seek relief under § 7426(a)(1) to remove a contested lien on the real property: "If the Government has not levied on property–as it has not levied on Williams' home–the owner cannot challenge such a levy under 26 U.S.C. § 7426." Id. at 536. If, as the First Amended Complaint alleges, a interest holder could contest a federal tax lien under § 7426, the plaintiff in Williams would also have had a remedy under § 7426 (and the Court would never have reached the § 1346(a)(1) issue).[2] Neither the creation of the federal tax lien by statute upon assessment of tax under

---

The difference between a levy and a lien also suggests why a lien should still attach to property exempt from levy. A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes. The IRS's levying power is limited because a levy is an immediate seizure not requiring judicial intervention. A levy connotes compulsion or a forcible means of extracting taxes from "a recalcitrant taxpayer." A taxpayer subject to an IRS levy is provided certain protections such as notice and an opportunity to pay the taxes due before the seizure.

A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of property later change. If, for instance, the debtor later sells his exempt personal property for cash, the IRS would be entitled to obtain such proceeds.

United States v. Barbier, 896 F.2d 377, 379 (9th Cir. 1990).

[2] After Williams was decided, Congress added §§ 6325(b)(4) and 7426(a)(4) to allow a third-party with interest in property subject to a federal tax lien to challenge the United States' interest in such property in a post-deprivation proceeding by seeking a certificate of discharge. See, e.g., Richmond v. United States, 348 F. Supp. 2d 807, 812-14 (E.D. Ky. 2004). Section 7426(a)(4) requires such an action be filed within 120 days of the issuance of a certificate of discharge by the IRS for the federal tax lien. Plaintiff has not availed itself of this procedure.

26 U.S.C. § 6321 nor the recording of a notice under 26 U.S.C. § 6323 results in a levy on property subject to challenge under § 7426(a)(1).

The Subject Property has not been levied by the IRS. Therefore, this Court lacks jurisdiction over the wrongful levy claim in the First Amended Complaint. Plaintiff's only recourse in this matter is to proceed with its claim to quiet title under 28 U.S.C. § 2410, which it has rightfully added in its First Amended Complaint.

## IV.   CONCLUSION

For the reason stated above, the United States moves to dismiss Claim One of the First Amended Complaint.

DATED this 10th day of April, 2008.

>                 Respectfully submitted,
>
>                 KAREN P. HEWITT
>                 United States Attorney
>
>                 TOM STAHL
>                 Assistant United States Attorney
>
>
>                  /s/ Justin S. Kim
>                 JUSTIN S. KIM
>                 Trial Attorney, Tax Division
>                 United States Department of Justice
>
>                 Attorneys for the United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: William P. Shannahan, wpshan@sbcglobal.net; and I hereby certify that I have mailed by U.S. Postal Service the foregoing to the following non CM/ECF participants: none.

        /s/ Justin S. Kim
JUSTIN S. KIM
Trial Attorney, Tax Division
U.S. Department of Justice