WILLIAM P. SHANNAHAN, CBN 33226
A Professional Law Corporation
1200 Prospect Street, Suite 425
La Jolla, California 92037
Telephone: (858) 454-4424
Facsimile: (858) 551-2161
E-mail: wpshan@sbcglobal.net

DAVID J. LENCI, WSBN 7688
MICHAEL K. RYAN, WSBN 32091 (pro hac pending)
Kirkpatrick & Lockhart Preston Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Facsimile: (206) 623.7022
E-mail: david.lenci@klgates.com
        michael.ryan@klgates.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH INVESTMENT LP, A CALIFORNIA LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil No. 08-cv-0110-BTM-BLM<br><br>MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS CLAIM ONE<br><br>Date: May 16, 2008<br>Time: 10:00 a.m.<br>Location: Courtroom 15<br><br>**ORAL ARGUMENT REQUESTED** |

FOURTH INVESTMENT'S RESPONSE TO UNITED STATE'S MOTION TO DISMISS CLAIM 1 - i
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# TABLE OF CONTENTS

1

2

3

4  I    Introduction .................................................................................................. 1

5  II   Facts Alleged in the Complaint.................................................................... 1

6  III  Legal Standard............................................................................................. 2

7  IV   Discussion ................................................................................................... 4

8        A.   The Term "Levy" as Defined in the Code......................................... 4

9        B.   Government's Cited Authority Does not Compel Dismissal ........... 7

10       C.   Absent a Wrongful Levy Action, Fourth Investment Would be
              Left Without a Meaningful Remedy.................................................. 8

11 V    Conclusion................................................................................................... 9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - ii
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# TABLE OF AUTHORITIES

**Federal Cases**

*Blair v. IRS*, 304 F.3d 861 (9th Cir. 2002) .................................................................. 3
*City of Richmond, Ky., v. United States*, 348 F. Supp.2d 807 (E.D. Ky. 2004) ................... 8
*EC Term of Years v. United States*, 127 S. Ct. 1763 (2007) ........................................ 7,8,9
*Flora v. United States*, 362 U.S. 145 (1960) ............................................................... 11
*Flores v. United States*, 551 F.2d 1169 (9th Cir. 1977) ........................................ 3, *passim*
*Hill v. United States*, 571 F.2d 1098 (9th Cir.1978) ...................................................... 3
*Hill v. Whitlock Oil Serv., Inc.* 450F.2d 170 (10th Cir. 1985) ........................................... 4
*Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir. 1985) ................ 5,6,9
*In re Town & Country Home Nursing Servs., Inc.*, 963 F.2d 1146 (9th Cir. 1991) ............ 3
*Library of Congress v. Shaw*, 478 U.S. 310 (1986) ........................................................ 2
*Miller v. United States*, 921 F. Supp. 494 (N.D. Ohio 1996) ......................................... 4,5
*United Pac. Ins. Co. v. United States*, 320 F. Supp. 450 (D. Or. 1970) .......................... 5,6
*United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949) ................................ 3
*United States v. Barbier*, 896 F.2d 377 (9th Cir. 1990) .................................................. 8
*United States v. Williams*, 514 U.S. 527 (1995) ..................................................... 7,8,12
*Wah Chang v. Duke Energy Trading & Mktg., LLC*, 507 F.3d 1222 (9th Cir. 2007) ......... 1

**State Cases**

*Anderson v. Hayes Constr. Co.*, 153 N.E. 28 (NY 1926) ................................................. 3
*In re Zoller's Estate*, 171 A.2d 375 (Del. 1961) ............................................................. 5

**Statutes and Regulations**

26 U.S.C. 6323, et seq. .................................................................................................. 9
26 U.S.C. § 6325, et seq. ......................................................................................... 10,11
26 U.S.C. § 6326 .......................................................................................................... 10
26 U.S.C. § 6331(b) ..................................................................................................... 4,7
26 U.S.C. § 6332 ............................................................................................................ 7
26 U.S.C. § 6335 ............................................................................................................ 7
26 U.S.C. § 7426, et seq. ...................................................................................... 1, *passim*
26 U.S.C. § 7701(a)(21) ................................................................................................. 4
28 U.S.C. § 1346(a)(1) ............................................................................................... 8,11
IRS regulation §301.6343-2 ......................................................................................... 10

**Other**

4 Boris Bitkker & Lawrence Lokken, Federal Taxation of Income, Estates, & Gifts (2d ed. 1992) ........................................................................................................................ 31
Webster's Ninth Collegiate Dictionary (1993) ............................................................... 6

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - iii
Civil No. 08-cv-0100-BTM-BLM

K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I. INTRODUCTION

Plaintiff Fourth Investment LP ("Fourth Investment"), through its undersigned counsel, submits this Memorandum of Points and Authorities in response to the United States' Motion to Dismiss Claim One of the First Amended Complaint for lack of subject matter jurisdiction.

The Government's erroneous tax lien on Fourth's property is a means of exercising its power of distraint on that property, and is the first step taken toward ultimately satisfying the tax assessment for which the lien was issued. Therefore, the Court has subject-matter jurisdiction of this matter under 26 U.S.C. § 7426(a)(1) because the definition of "levy", <u>as defined in the Internal Revenue Code</u>, is satisfied. As the analysis to follow demonstrates, the question is not whether a "lien" is a "levy" as a semantic inquiry. Rather, a proper analysis of the Code under the circumstances here leads to the conclusion that Fourth Investment has sufficiently alleged a claim against the Government to withstand this Motion.

## II. FACTS ALLEGED IN THE COMPLAINT

In reviewing this Motion to Dismiss, the Court must accept as true all material factual allegations alleged in the Complaint. *Wah Chang v. Duke Energy Trading & Mktg., LLC*, 507 F.3d 1222, 1224, n.1 (9th Cir. 2007) (citing cases). The Amended Complaint makes the following allegations, which must be accepted as true:

First, Fourth Investment is a California limited partnership which was properly formed on June 23, 1995 and has continuously operated as a valid partnership separate and distinct from its partners. *See* Amended Complaint ¶¶ 5 & 8. Second, that the alleged deficient taxpayers, the Ballantynes, are not partners in Fourth Investment, that Fourth Investment owns the property on which the IRS imposed the illegal lien, and the Ballantynes have absolutely no ownership interest in the levied upon property. *Id.* at ¶¶ 9-10. Third, "on or about July 17, 2006, the Defendants illegally and arbitrarily issued and recorded a lien against Plaintiff's property interest located at 1280 Fourth Avenue, San Diego, California, 92101 for

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 1
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

income tax liability of the Ballantynes for the calendar years 1985, 1986, 1990 and 1997 in the amount of $5,212,494.62." *Id.* at ¶ 11. Fourth, that defendant's contention that Fourth Investment "is the nominee/alter ego of Susanne Ballantyne" is erroneous. *Id.* at ¶ 12.

Next, on March 21, 2007, Fourth Investment filed an administrative request for return of the property with the District Director. *Id.* at ¶ 13. The Amended Complaint further alleges that the District Director "refused to act on Plaintiff's administrative request" and has not returned the property to Fourth Investment." *Id.* at ¶ 14. Finally, the Amended Complaint alleges that Defendants failed "to grant Plaintiff a hearing" and that its "failure to consider the administrative request is an abuse of discretion." *Id.* at ¶ 16.

The Government's Motion implies that Fourth Investment's administrative request was formally "denied without a hearing." Motion at 2. This is not alleged in the Amended Complaint, and as of February 28, 2008, the date the Amended Complaint was filed, the Government had simply taken no action on Fourth Investment's request. Any attempt by the Government to rewrite the Amended Complaint and suggest that a formal denial has been issued must be rejected. To the extent that such denial actually occurred, it did not occur until March 17, 2008, which is after the Amended Complaint was filed. *See* <u>Attachment A</u>. In addition, the denial appears to suggest that Fourth Investment's March 21, 2007 request is an inadequate request because "the IRS has not seized/secured any property." *Id.*

### III.  LEGAL STANDARD

Although the Government primarily rests its argument on sovereign immunity, it cannot dispute that it has waived immunity under Section 26 U.S.C. § 7426(g); *see also Library of Congress v. Shaw*, 478 U.S. 310, 319 & n.4 (1986). The substance of the Government's position is that because waivers of sovereign immunity are supposed to be strictly construed, the statute must be read to favor the Government's interpretation. Simply because waivers of sovereign immunity are strictly construed, however, it does not follow that the plain language of a statute can be ignored. Strict construction does not mean that the

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 2
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Government's reading of statute must be accepted, merely because it says so.

As this Court has recognized: "[T]he Government 'cannot carry the day by invoking general maxims of judicial policy.'" *Blair v. IRS*, 304 F.3d 861, 868 (9th Cir. 2002) (quoting *In re Town & Country Home Nursing Servs., Inc.*, 963 F.2d 1146, 1152 (9th Cir. 1991). Proper statutory construction requires more. While waivers of sovereign immunity are strictly construed, "it is also 'well established that when the federal government waives its immunity, the scope of the waiver is construed to achieve its remedial purpose.'" *Blair*, 304 F.3d at 867-68 (9th Cir. 2002) (quoting *In re Town & Country*, 963 F.2d at 1151 (9th Cir. 1991). In fact, in quoting Justice Cardozo, the Supreme Court has stated: "'The exemption of the sovereign from suit involves hardship enough where consent has been withheld. We are not to add to its rigor by refinement of construction where consent has been announced.'" *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 383 (1949) (quoting *Anderson v. Hayes Constr. Co.*, 243 N.Y. 140, 147, 153 N.E. 28, 29-30 (1926) (Cardozo, J.). In addition, to the extent there is any ambiguity that a lien can be a levy under the Code, *see infra*, the principle of sovereign immunity does not require courts to resolve all doubtful questions concerning the scope of a particular statute in the government's favor when the literal requirements of the statute are otherwise met. *See, e.g.*, *Hill v. United States*, 571 F.2d 1098, 1102 (9th Cir.1978) (rejecting sovereign immunity argument and applying a statute that was silent on the issue of retroactive effect).

Finally, the context of this case matters. The Ninth Circuit in *Flores v. United States*, 551 F.2d 1169 (9th Cir. 1977) stated:

> <u>Care must be taken to recognize that the statutory scheme which governs tax litigation between individuals and the United States Government is not monolithic</u>; particular sections of the Internal Revenue Code, as they apply to persons who are differently situated, serve different purposes, were drafted with different intents, and therefore <u>require individualized construction</u>. [. . .]
>
> [Section 7426] was enacted specifically because under then-current law, the United States could not be sued by third persons where <u>its collection activities interfered with their property rights</u>. The fact that it contains one

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 3
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

of the few exceptions to the anti-injunction act, 26 U.S.C. s 7421, shows that it was meant to have teeth and that litigants within its terms were regarded as significantly different from others with tax-related claims against the Government.

*Flores v. United States*, 551 F.2d 1169, 1173-74 (9th Cir. 1977) (emphasis added). With these principles in mind, the position being advanced by the Government does not warrant a dismissal of the wrongful levy claim.

## IV.   DISCUSSION

The primary argument advanced by the Government is that a "lien" can never be a "levy" as that term is understood under Code and, on that basis, Claim 1 should be dismissed. *See* Motion at 2 ("The First Amended Complaint errs in conflating a lien and a levy."). That argument is incorrect for several reasons. First, the term "levy" under the Code is broadly defined and encompasses a lien on real property. Second, the Government's authority only superficially supports its position. Last, if this Court dismisses Fourth Investment's claim, it will be left without any meaningful remedy. The Government's Motion should be denied.

### A.   The Term "Levy" as Defined in the Code.

The Internal Revenue Code broadly defines the term "levy": "The term 'levy' <u>includes</u> the power of <u>distraint</u> and seizure <u>by any means</u>." 26 U.S.C. § 7701(a)(21) (emphasis added); *see also* 26 U.S.C. § 6331(b) & *Miller v. United States*, 921 F. Supp. 494, 497 (N.D. Ohio 1996). By its own terms, a levy does not necessarily require any actual "distraint" or "seizure", but merely "includes" such powers. As the court stated in *Miller*: "'Levy,' therefore, is not simply a synonym for 'seizure' and nothing more. Rather, the term 'levy' <u>in the Code</u> denotes <u>everything else</u> that it otherwise denotes in American law." *Id.*

Generally speaking, the term levy "is an ambiguous word, with its meaning dependent on the context in which it is used." *Hill v. Whitlock Oil Servs., Inc.*, 450 F.2d 170, 174 (10th Cir. 1971); *cf. Flores*, 551 F.2d at 1173-74 (9th Cir. 1977) ("particular sections of the Internal Revenue Code, as they apply to persons who are differently situated, serve different purposes,

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 4
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

were drafted with different intents, and therefore <u>require individualized construction</u>."). In addition, a levy may also "'refer to all the steps, <u>collectively</u>, by which public revenue is raised.'" *Miller* at 497 (emphasis added) (quoting *In re Zoller's Estate*, 171 A.2d 375, 379 (Del. 1961)). In fact, a leading federal tax treatise notes that a "levy is ordinarily used to describe <u>the process</u> of reaching amounts owing to the taxpayer by third persons (e.g., bank deposits)." 4 Boris Bitkker & Lawrence Lokken, Federal Taxation of Income, Estates, & Gifts (2d ed. 1992), ¶ 111.6.5 at 111-12 (emphasis added); *see also Miller* at 497 (quoting the same).

The Ninth Circuit adopted similar reasoning in explaining the purpose behind Section 7426, which is at issue in this case. *Flores* at 1174 (noting Section 7426 "was enacted specifically because under then-current law, the United States could not be sued by third persons where <u>its collection activities interfered with their property rights</u>.") (emphasis added). Further, the IRS need not issue a formal notice stating the word "levy" in order for a levy to have occurred under the Code. *See, e.g., Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 305 n. 9 (5th Cir. 1985) ("We do not believe that any documentary requirement must be met before a 'levy' can occur within the meaning of § 7426.");[1] *see also United Pac. Ins. Co. v. United States*, 320 F. Supp. 450, 451 (D. Or. 1970) (holding that notice of lien is equivalent to notice of levy). In sum: "Under the Internal Revenue Code [ ] 'levy' means not only 'seizure', as the Government contends, <u>but also the entire process of collecting a taxpayer's debt</u>." *Miller* at 497 (emphasis added). When the Government placed the lien on Fourth Investment's real property it took the first step in the <u>process</u> of reaching the amount allegedly owed by the Ballantynes. Thus, it is a "levy" under the Code.

Here, the IRS's lien falls squarely under the definition of "levy" as the term is

---

[1] The issue before the court in *Interfirst Bank* was whether a "voluntary" payment to the IRS constituted a "levy" for purposes of Section 7426. 769 F.2d at 306 ("where taxpayer voluntarily surrendered its property to the IRS, this section does not waive the government's immunity").

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 5
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

understood under the Code. First, filing a lien on real property the first step is the process of satisfying a tax assessment out of the proceeds of a sale of that property. The lien here was intended to secure the Government's legal "hold" on the property in question so as to be in a position to collect the tax allegedly owed by the Ballantynes when and if the property is later sold. *See* Exhibit A to Amended Complaint. Second, the fact that no formal notice using the word "levy" was issued does not compel a result in favor of the Government. *See, e.g., Interfirst Bank* at 305 n. 9; *United Pacific* at 451. Moreover, as explained above, the definition of "levy" under the Code is very broad and merely "includes" the power of "distraint and seizure by any means." Here, the "any means" referred to is an erroneous lien placed on Fourth Investment's real property.

Even if the term "levy" is read less broadly than set out above, this particular lien on real property at issue in this case fits within the definition of "levy" under the Code. By placing a lien on Fourth Investment's property, in an effort to satisfy the tax liability of a third party, the Government has distrained Fourth Investment's property. The term "distrain" is commonly defined as "to force or compel to satisfy an obligation by means of distress." Webster's Ninth Collegiate Dictionary (1993) (emphasis added). As plead in the Amended Complaint, the IRS placed an erroneous lien on Fourth Investment's property in an attempt to satisfy the tax liability (*i.e.*, obligation) of a third party—the Ballantynes—under the mistaken belief that Fourth Investment is the nominee/alter ego of Susan C. Ballantyne. *See* Amended Complaint, ¶¶ 10-12. Given that the lien is now in place, it is axiomatic that Fourth Investment cannot alienate or sell the property without either paying off the entire lien or convincing a third party to pay off the amount of the lien. Thus, the property is distressed based on an erroneous obligation in the amount of over $5 million. Accordingly, when the Government put its lien on Fourth Investment's real property it used a "means" of "distraint" and its action fall within the definition of "levy" under the Code.

The fact that the Government has not physically "seized" the property does not

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 6
Civil No. 08-cv-0100-BTM-BLM

K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  support the United State's position.  Section 6631(b) of the Code, which is titled "Levy and
2  distraint" demonstrates that an actual "seizure" need not occur.  It states: "In any case in
3  which the Secretary may levy upon property or rights to property, he may seize and sell such
4  property or rights to property (whether real or personal, tangible or intangible)." (emphasis
5  added).  Thus, if a "seizure" needs to occur for an actual "levy" to occur, the language
6  contained in Section 6631(b) would not state that the "Secretary … may seize"; but rather
7  would require that an actual seizure occur.  Because this language in not so-written, the
8  equation of actual "seizure" with the term "levy" is not tenable under the Code.  Section 6631
9  is part of a larger subchapter of the Code entitled "Subchapter D—Seizure of Property For
10 Collection of Taxes". (emphasis added).  Thus, it deals with entire process in which taxes are
11 collected vis-à-vis the "levy" power and broadly defines that term.  See 26 U.S.C. 6631(b).
12 The lien at issue here is merely the first step in that process.

13       Finally, Section 7426(a)(1) states that jurisdiction is proper when "a levy has been
14 made on property or property has been sold pursuant to a levy[.]" (emphasis added).  In the
15 case of real property there are two facets to pursuing a security interest to enforce that
16 interest:  the distraint on the property, in the case the lien, and the actual surrender and
17 eventual forced sale of the property.  See generally 26 U.S.C. §§ 6332 (surrender) & 6335
18 (sale).  Under Section 7426(a)(1) only one of these facets needs to be satisfied for jurisdiction
19 to be proper.  The erroneous lien on the real property in question satisfies the statute and
20 jurisdiction is proper.

21       **B.    The Government's Cited Authority Does Not Compel Dismissal.**

22       The Government's reliance on *United States v. Williams*, 514 U.S. 527 (1995) and *EC*
23 *Term of Years v. United States*, 127 S. Ct. 1763 (2007) is misplaced because neither of those
24 cases dealt with the situation present here:  Whether a wrongful levy claim can brought when
25 the Government erroneously places a lien on a third-party's real property, which distrains the
26 property.  Indeed, when viewed through the properly calibrated lens, both cases actually

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 7
Civil No. 08-cv-0100-BTM-BLM

K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

support Fourth Investment's position.

The issue before the Court in *Williams* was whether an individual "who paid a tax under protest to remove a lien on her property has standing to bring a refund under 28 U.S.C. § 1346(a)(1), even though the tax she paid was assessed against a third party." *Id.* at 527. The issues presented in the instant case were simply not before the Court. Similarly, the Court in *EC Term of Years* addressed the question of "whether the trust may still challenge the levy through an action for tax refund under 28 U.S.C. § 1346(a)(1)", even though it missed Section 7426's nine-month limitations period. *Id.* at 1775.[2]

### C. Absent a Wrongful Levy Action, Fourth Investment Would Be Left Without a Meaningful Remedy.

In reality, the Court's decision in *Williams* actually supports Fourth Investment's position. Throughout the Court's opinion, it continuously stressed that the Respondent "had no realistic alternative to payment of the tax she did not owe, and we do not believe Congress intended to leave parties without a remedy." 514 U.S. at 529; *see also id.* at 537 ("Though the Government points to three other remedies, none were realistically open to Williams. Nor would any of the vaunted remedies be available to others in her situation."); *see also City of Richmond, Ky., v. United States*, 348 F. Supp.2d 807, 812 (E.D. Ky. 2004) (explaining underlying rationale in *Williams*). It was within this context that the Court stated: "If the Government has not levied on property-as it has not levied on Williams' home—the owner cannot challenge such a levy under 26 U.S.C. § 7426." From this statement, the Government argues that a "lien" can never constituted a "levy" under the Code. Such an argument is unpersuasive.

The Supreme Court did not state, as the Government suggests, that a formal notice of

---

[2] The Government's reliance on *United States v. Barbier*, 896 F.2d 377 (9th Cir. 1990) is similarly misplaced because the issue before that court was "a determination of the extent to which the government is the holder of a secured claim" and whether the Government was entitled to period payments through the Bankruptcy Court. *Id.* at 379. The context of the *Barbier* case is wholly different than the one at issue here.

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 8
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

lien could never rise to the level of a "levy" as that term is defined under the Code. That issue was not before the Court. In fact, as demonstrated above, the Code broadly defines the term "levy" and the Government's overly technical reading of the term cannot be supported. Second, like the Respondent in *Williams*, if Fourth Investment is not allowed to pursue this wrongful levy and contest the Government's lien, it will be left without a remedy. For example, if Fourth Investment were to attempt to sell the property at issue, the property would be subject to a lien with priority and the lien would cause the proceeds to be paid in the first interest to the IRS. *See* 26 U.S.C. 6323(a), (b)(4) & (e). Obviously, the only way to satisfy the lien would either be for Fourth Investment or the eventual purchaser to pay the Government the amount of the lien. At that point in time, under the Government's reading of the law, neither Fourth Investment nor the purchaser would have any remedy against the IRS with respect to the lien amount because no formal notice of levy was issued. Despite the fact that "notice of levy" was filed the IRS would still accomplish the same goal: the collection of the erroneous lien amount. Thus, the lien on Fourth Investment's property is the functional equivalent of a notice of levy because it accomplishes the same end.

Accordingly, neither Fourth Investment nor the eventual purchaser would have any remedy. For example, if Fourth Investment, or the eventual purchaser of the property, were to bring a "wrongful levy" action at the time of sale, the Government could very well argue that such a wrongful levy action was not timely under Section 7426(a)(1). *See, e.g., EC Term of Years*, 127 S. Ct. at 1768 (2007). Similarly, and on the other side of the same coin, if either party was to voluntarily pay off the lien amount, the Government would most surely argue, as it has done in the past, that such a voluntary payment does not waive the Government's immunity. *See, e.g., Interfirst Bank*, 769 F.2d at 304-05 (5th Cir. 1985). The predicament in which the Government has placed Fourth Investment demonstrates why the lien on its real property should be deemed to fall within the broad definition of "levy" under the Code and jurisdiction is proper.

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 9
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

In anticipation of this argument, the Government alludes to Sections 6325(b)(4) and 7426(a)(4) in an apparent attempt to suggest that Fourth Investment *is* left with a meaningful remedy. *See* Motion at 4 n.2. The Government's allusion to Sections 6325(b)(4) and 7426(a)(4), as suggesting such a remedy is inapposite because the IRS has refused to act on Fourth Investment's requested administrative relief.[3]  Such refusal is important for three separate, but equally important, reasons.

First, the IRS's refusal to timely act on Fourth Investment's administrative request or its denial of such request (which occurred after the Amended Complaint was filed) acts as an admission that the property has been levied upon. *See* <u>Attachment A</u>. The IRS's tardy letter states that it is denying Fourth Investment's request for return of the property because: "There is no property to return since the IRS has not seized/secured any property." In essence, the IRS deemed Fourth Investment's March 21, 2007 request as inadequate. The IRS, however, needed to inform Fourth Investment of the inadequacy of its request within 30 days. IRS regulation §301.6343-2, entitled "Return of wrongful levied upon property", states that "unless a notification is mailed by the director to the claimant within 30 days of receipt of the request to inform the claimant of the inadequacies, <u>any written request will be considered adequate</u>." §301.6342-2(c) (emphasis added) (attached). Accordingly, because the IRS did not notify Fourth Investment within the 30-day window required by the Regulation, Fourth Investment's request must be "considered adequate" and therefore its wrongful levy action proper because the IRS did not timely object on the grounds that the lien in this case was not a levy under Code until its Motion to Dismiss.

Second, had the IRS notified Fourth Investment that it believed its request was inappropriate because "the IRS has not seized/secured any property" within 30 days, as

---

[3] As noted above, the Government now claims that Leeds' administrative request was denied, but this "denial" occurred on March 17, 2008, two weeks after the Amended Complaint was filed. In any event, whether the Court views the IRS's actions as a "refusal to act" or as a "denial" the end result is the same: Leeds has no meaningful remedy.

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATE'S MOTION TO DISMISS CLAIM 1 - 10
Civil No. 08-cv-0100-BTM-BLM

K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

opposed to almost a year later and weeks (or months)[4] after this action was filed, then Fourth Investment would have been able to make an administrative request under Section 6326 or seek a certificate of discharge under Section 6325(b)(4). Assuming such a certificate was actually issued, then Fourth Investment would have had 120 days to "bring a civil action against the [Government seeking] a <u>determination of whether the value</u> of the interest of the United States (if any) in such property is less than the value determined by the Secretary." 26 U.S.C. § 7426(a)(4) (emphasis added). The IRS's failure to properly act on Fourth Investment's request has placed Fourth Investment in this no-win position, and the Government should not now be allowed to argue that Fourth Investment's original request was improper because to do so would reward the Government for the IRS's dilatory conduct.

Even if the procedures set forth in Sections 6325(b)(4) and 7426(a)(4) were applicable, the actions of the IRS as packaged by the Government in this Motion would leave no meaningful remedy for Fourth Investment. Section 6325(b)(4) requires that the IRS will only issue a "certificate of discharge" if a party pays the contested lien amount or furnishes a bond. *Id.* at (i) & (ii). Then, and only then, may a party seek relief under Section 7426(a)(4) and at that point it may only challenge "whether the <u>value</u> of the interest" asserted by the IRS is correct. To even begin the process under Section 6325(b)(4), Fourth Investment would have been required to satisfy the entire amount of the $5,212,494.62 lien before the IRS issued a "certificate of discharge" that is a prerequisite for filing a claim under Section 7426(a)(4). For example, if the value of Fourth Investment's real property were valued at $1 million and it sold that property, it still would not be able to bring an action for a refund of that money because the entire amount of the deficiency has not been paid off. *See, e.g., Flora v. United States*, 362 U.S. 145, 150-51 (1960) (holding that taxpayer must pay off full amount of tax before bringing suit under 28 U.S.C. § 1346(a)(1) for tax refund). Requiring

---

[4] This wrongful levy action was filed on January 18, 2008, and the Amended Complaint, which added only the quiet title action, was filed on February 28, 2008.

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATES'S MOTION TO DISMISS CLAIM 1 - 11
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

an innocent third party to pay the IRS over $5 million dollars to satisfy the tax liability of an unrelated third party before it can even challenge the IRS's action provides no meaningful remedy. The IRS should not be allowed to use the lien power as a club against innocent taxpayers and then be allowed to hide behind it "lien-is-not-a-levy" aphorism under the guise of strict construction and sovereign immunity to avoid being held accountable for its conduct.

Finally, the Government's argument that because waivers of sovereign immunity are to be strictly construed that a "lien" can never be a "levy" essentially parrots the *Williams* Court's dissenters, ignoring the equities in this case. Chief Justice Rehnquist stated:

> The Court, in an unusual departure from the bedrock principle that waivers of sovereign immunity must be 'unequivocally expressed,' holds that respondent may sue for a refund of tax which was not assessed against her. In so doing, it outlines in some detail what it conceives to be the equities of respondent's situation—a factor not usually of great significance in construing the Internal Revenue Code.

*Id.* at 541-42 (Rehnquist, C.J., dissenting). The majority's approach in *Williams*, however, is more consistent with the approach employed by the Ninth Circuit. As explained in *Flores*: "Care must be taken to recognize that the statutory scheme which governs tax litigation between individuals and the United States Government is not monolithic; particular sections of the Internal Revenue Code, as they apply to persons who are differently situated, serve different purposes, were drafted with different intents, and therefore require individualized construction." *Flores*, 551 F.2d at 1173-74 (9th Cir. 1977) (emphasis added). The Government's "one-size-fits-all" approach which it advances in this Motion is not in accord with either the Supreme Court's or Ninth Circuit's approach.

///

///

///

///

///

FOURTH INVESTMENT'S RESPONSE TO UNITED
STATES MOTION TO DISMISS CLAIM 1 - 12
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## V. CONCLUSION

For the foregoing reasons, Fourth Investment LP respectfully requests that this Court deny the Government's Motion to Dismiss.

Dated this second day of May, 2008

                      KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

                      /s/ David J. Lenci
                      By_____
                         David J. Lenci
                         Michael K. Ryan (pro hac pending)

                      William P. Shannahan

                      Attorneys for Plaintiff Fourth Investment LP.

FOURTH INVESTMENT'S RESPONSE TO UNITED STATE'S MOTION TO DISMISS CLAIM 1 - 13
Civil No. 08-cv-0100-BTM-BLM
K:\2066324\00001\20919_MR\20919P21ID

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**ATTACHMENT A**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
Washington, DC 20224

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: March 17, 2008

William P. Shannahan
A Professional Law Corporation
1200 Prospect St., Suite 425
La Jolla, CA 92037

Re: Fourth Investment,, L.P.

Dear Mr. Shannahan, Esq:

This is in response to your claim dated March 21, 2007 in which you requested the return of an asset wrongfully and illegally levied and liened under Section 6331 of the Internal Revenue Code of 1986.

Your claim has been reviewed. We are sorry, but we are denying your claim for the following reason:

> There is no property to return since the IRS has not seized/secured any property. The Notice of Federal Tax Lien has not removed any property/assets from the partnership's possession. The lien only attaches to any equity should the asset be sold.
>
> The nominee lien that had been recorded was based on legal counsel obtained through our Area Counsel Attorney's. Copies of the nominee liens had been sent with Publication 783, Instructions on How to Apply for a Certificate of Discharge from a Federal Tax Lien, and Publication 1660, Collection Appeal Rights. An appeal nor an application for a discharge had not been received.

If you have any questions or need more information, please contact Ms. Buhrow (Employee ID # 33-04602) at the address or the telephone number listed below:

Internal Revenue Service
24000 Avila Road
Mail Stop 5905
Laguna Niguel, CA 92677

Phone#: 949/389-4082
Fax#: 949/389-5004

Sincerely,

Richard B. Sheinberg
Advisory Territory Manager