1  WILLIAM P. SHANNAHAN, CBN 33226
   A Professional Law Corporation
2  1200 Prospect Street, Suite 425
   La Jolla, California 92037
3  Telephone: (858) 454-4424
   Facsimile: (858) 551-2161
4  E-mail: wpshan@sbcglobal.net

5  DAVID J. LENCI, WSBN 7688
   MICHAEL K. RYAN, WSBN 32091(pro hac vice pending)
6  Kirkpatrick & Lockhart Preston Gates Ellis LLP
   925 Fourth Avenue, Suite 2900
7  Seattle, Washington 98104
   Telephone: (206) 623-7580
8  Facsimile: (206) 623.7022
   E-mail: david.lenci@klgates.com
9          michael.ryan@klgates.com

10 Attorneys for Plaintiff

11          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
12

13 FOURTH INVESTMENT, LP, A
   CALIFORNIA LIMITED PARTNERSHIP,          Civil No. 08-cv-0110-BTM-BLM

14                         Plaintiff,        **PRAECIPE** TO MEMORANDUM IN
                                             RESPONSE TO DEFENDANT'S
15      v.                                   MOTION TO DISMISS CLAIM ONE

16 UNITED STATES OF AMERICA,                 Date:     May 16, 2008
                                             Time:     10:00 a.m.
17                         Defendant.        Location: Courtroom 15

18                                           **ORAL ARGUMENT REQUESTED**

19 _____

20         Comes now plaintiff and herewith provides a copy of IRS Reg. §301.6343, cited in its

21 Memorandum in Response to Defendant's Motion to Dismiss Claim One, filed May 2, 2008, at page

22 10, and inadvertently omitted.

23         Plaintiff also herewith corrects an incorrect page number in the Table of Contents, and an

24 incorrect page number in the Table of Authorities, both in its Memorandum in Response to

25

26

**PRAECIPE** TO FOURTH INVESTMENT'S
RESPONSE TO UNITED STATES' MOTION TO
DISMISS CLAIM 1 - 1
08-CV-0110-BTM-BTM
K:\2066324\00001\20919_MR\20919O21IJ

1   Defendant's Motion to Dismiss Claim One and to that end attaches a corrected Table of Contents

2   and corrected Table of Authorities.

3          DATED this sixth day of May, 2008.

4

5                                              KIRKPATRICK & LOCKHART
                                               PRESTON GATES ELLIS LLP
6
                                                  /s/ David J. Lenci
7                                              By _____
                                                  David J. Lenci, *pro hac vice*
8                                              Michael K. Ryan, *pro hac vice pending*

9                                              William P. Shannahan, CBN 33226
                                               Attorneys for Plaintiff Fourth Investment
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PRAECIPE** TO FOURTH INVESTMENT'S
RESPONSE TO UNITED STATES' MOTION TO
DISMISS CLAIM 1 - 2
08-CV-0110-BTM-BTM
K:\2066324\00001\20919_MR\20919O21IJ

thereto. The release of a levy on any property under this section does not prevent any subsequent levy on the property. Section 301.6343-2, dealing with return of wrongfully levied upon property, is subject to section 6402 which prohibits the Internal Revenue Service from refunding a payment of money that has been deposited in the Treasury and credited to the taxpayer's liability unless there is an overpayment.

(f) Effective date. This section is effective as of December 30, 1994.

T.D. 6119, 12/31/54, amend T.D. 6425, 11/10/59, T.D. 6498, 10/24/60, T.D. 7180, 4/12/72, T.D. 8587, 12/30/94.

[¶63,432.01]  Reg. §301.6343-2  Return of wrongfully levied upon property.

(a) Return of property.  (1)  General rule. If the district director, service center director, or compliance center director (the director) determines that property has been wrongfully levied upon, the director may return—

(i) The specific property levied upon;

(ii) An amount of money equal to the amount of money levied upon; or

(iii) An amount of money equal to the amount of money received by the United States from a sale of the property.

(2)  Time of return. If the United States is in possession of specific property, the property may be returned at any time. An amount equal to the amount of money levied upon or received from a sale of the property may be returned at any time before the expiration of 9 months from the date of the levy. When a request described in paragraph (b) of this section is filed for the return of property before the expiration of 9 months from the date of levy, an amount of money may be returned after a reasonable period of time subsequent to the expiration of the 9-month period if necessary for the investigation and processing of such request.

(3)  Specific property. In general the specific property levied upon will be returned whenever possible. For this purpose, money that is specifically identifiable, as in the case of a coin collection which may be worth substantially more than its face value, is treated as specific property.

(4)  Purchase by United States. For purposes of paragraph (a)(1)(iii) of this section, if property is declared purchased by the United States at a sale pursuant to section 6335(e), the United States is treated as having received an amount of money equal to the minimum price determined by the director before the sale or, if larger, the amount received by the United States from the resale of the property.

(b) Request for return of property. A written request for the return of property wrongfully levied upon must be addressed to the district director (marked for the attention of the Chief, Special Procedures Staff) for the Internal Revenue district in which the levy was made. The written request must contain the following information—

(1)  The name and address of the person submitting the request;

(2)  A detailed description of the property levied upon;

(3)  A description of the claimant's basis for claiming an interest in the property levied upon; and

(4)  The name and address of the taxpayer, the originating Internal Revenue district, and the date of the levy as shown on the notice of levy form, or levy form, or, in lieu thereof, a statement of the reasons why such information cannot be furnished.

(c) Inadequate request. A request for the return of property wrongfully levied upon will not be considered adequate unless it is a written request containing the information required by paragraph (b) of this section. However, unless a notification is mailed by the director to the claimant within 30 days of receipt of the request to inform the claimant of the inadequacies, any written request will be considered adequate. If the director timely notifies the claimant of the inadequacies of his request, the claimant has 30 days from the receipt of the notification of inadequacy to supply in writing any omitted information. Where the omitted information is so supplied within the 30-day period, the request will be considered to be adequate from the time the original request was made for purposes of determining the applicable period of limitation upon suit under section 6532(c).

65,372

# ***CORRECTED*** TABLE OF CONTENTS

I     Introduction ........................................................................................................... 1

II    Facts Alleged in the Complaint ............................................................................. 1

III   Legal Standard ...................................................................................................... 2

IV    Discussion ............................................................................................................. 4

      A.     The Term "Levy" as Defined in the Code ................................................... 4

      B.     Government's Cited Authority Does not Compel Dismissal ........................ 7

      C.     Absent a Wrongful Levy Action, Fourth Investment Would be
           Left Without a Meaningful Remedy ............................................................. 8

V     Conclusion ............................................................................................................. 9

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# TABLE OF AUTHORITIES

**Federal Cases**

*Blair v. IRS*, 304 F.3d 861 (9th Cir. 2002) ........................................................ 3

*City of Richmond, Ky., v. United States*, 348 F. Supp.2d 807 (E.D. Ky. 2004) ................ 8

*EC Term of Years v. United States*, 127 S. Ct. 1763 (2007) ...................... 7,8,9

*Flora v. United States*, 362 U.S. 145 (1960) ........................................................ 11

*Flores v. United States*, 551 F.2d 1169 (9th Cir. 1977) ......................... 3, *passim*

*Hill v. United States*, 571 F.2d 1098 (9th Cir.1978) ........................................ 3

*Hill v. Whitlock Oil Serv., Inc.* 450F.2d 170 (10th Cir. 1985) ...................... 4

*Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299 (5th Cir. 1985) ............... 5,6,9

*In re Town & Country Home Nursing Servs., Inc.*, 963 F.2d 1146 (9th Cir. 1991) ........... 3

*Library of Congress v. Shaw*, 478 U.S. 310 (1986) .......................................... 2

*Miller v. United States*, 921 F. Supp. 494 (N.D. Ohio 1996) ...................... 4,5

*United Pac. Ins. Co. v. United States*, 320 F. Supp. 450 (D. Or. 1970) ............... 5,6

*United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949) ............... 3

*United States v. Barbier*, 896 F.2d 377 (9th Cir. 1990) ................................ 8

*United States v. Williams*, 514 U.S. 527 (1995) .......................................... 7,8,12

*Wah Chang v. Duke Energy Trading & Mktg., LLC*, 507 F.3d 1222 (9th Cir. 2007) ........ 1

**State Cases**

*Anderson v. Hayes Constr. Co.*, 153 N.E. 28 (NY 1926) ............................ 3

*In re Zoller's Estate*, 171 A.2d 375 (Del. 1961) ............................................ 5

**Statutes and Regulations**

26 U.S.C. 6323, et seq. ............................................................................ 9

26 U.S.C. § 6325, et seq. ....................................................................... 10,11

26 U.S.C. § 6326 ..................................................................................... 10

26 U.S.C. § 6331(b) ................................................................................. 4,7

26 U.S.C. § 6332 ...................................................................................... 7

26 U.S.C. § 6335 ...................................................................................... 7

26 U.S.C. § 7426, et seq. ..................................................................... 1, *passim*

26 U.S.C. § 7701(a)(21) ........................................................................... 4

28 U.S.C. § 1346(a)(1) ............................................................................ 8,11

IRS regulation §301.6343-2 ..................................................................... 10

**Other**

4 Boris Bitkker & Lawrence Lokken, Federal Taxation of Income, Estates, & Gifts (2d ed. 1992) ............................................................................................................ 5

Webster's Ninth Collegiate Dictionary (1993) .......................................... 6

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022