1   KAREN P. HEWITT
    United States Attorney
2

3   TOM STAHL, CBN 78291
    Assistant United States Attorney
    880 Front Street, Room 6293
4   San Diego, California 92101

5   JUSTIN S. KIM
    Trial Attorney, Tax Division
6   U.S. Department of Justice
    P.O. Box 683, Ben Franklin Station
7   Washington, D.C.  20044-0683
    Telephone:    (202) 307-0977
8   Facsimile:    (202) 307-0054
    E-mail:        justin.s.kim@usdoj.gov
9

10          IN THE UNITED STATES DISTRICT COURT FOR THE

11              SOUTHERN DISTRICT OF CALIFORNIA

12  FOURTH INVESTMENT LP,

13              Plaintiff,                    Civil No. 08-cv-0110-BTM-BLM

14          v.                               REPLY MEMORANDUM IN SUPPORT OF
                                             THE UNITED STATES' MOTION TO
15  UNITED STATES OF AMERICA,                DISMISS CLAIM ONE OF THE FIRST
                                             AMENDED COMPLAINT
16              Defendant.
                                             Date:         May  16, 2008
17                                           Time          10:00 a.m.
                                             Location:     Courtroom 15
18
                                             NO ORAL ARGUMENT UNLESS
19                                           REQUESTED BY THE COURT

20

21          The United States' Memorandum in support of its Motion to Dismiss Claim One of the First

22  Amended Complaint explained why Plaintiff cannot bring a wrongful levy action under 26 U.S.C. §

23  7426(a)(1) to challenge a federal tax lien encumbering real property.  The United States relied on two

24  Supreme Court cases, EC Term of Years Trust v. United States, 127 S. Ct. 1763, 1765, 1768 (2007);

25  United States v. Williams, 514 U.S. 527, 536 (1995), which addressed the distinction between a lien and

26  a levy and the various statutory remedies available to parties seeking to challenge a tax lien or levy.

27

28

1   Plaintiff's Opposition ("Pl.'s Opp'n") attempts to distinguish these cases and suggests that they

2   support its position. See Pl.'s Opp'n at 7-8. Nevertheless, no amount of calibration can change the

3   Supreme Court's view of what Williams held: "Although we decided that § 1346(a)(1) authorizes a tax

4   refund claim by a third party whose property was subjected to an allegedly wrongful tax lien, *we so held*

5   *on the specific understanding that no other remedy, not even a timely claim under § 7426(a)(1), was open*

6   *to the plaintiff in that case.*" EC Term of Years Trust, 127 S. Ct. at 1768 (emphasis added).

7   Plaintiff, like the Williams plaintiff, seeks to challenge "an allegedly wrongful tax lien." Id.; see

8   First Amended Complaint ¶¶ 11-12. The factual difference between these two cases is that the Williams

9   plaintiff was forced to pay off the tax lien before bringing suit because she had entered a contract to sell

10   the property without actual knowledge of the lien. See 514 U.S. at 530 (noting that "[o]ne week before

11   the closing, the Government gave actual notice to Williams and the purchaser of over $41,000 in tax liens

12   which, it claimed, were valid against the property or proceeds of the sale[, and] the purchaser threatened

13   to sue Williams if the sale did not go through on schedule"). Even in this situation, the Court stated that

14   the plaintiff could not recover amounts paid to the Internal Revenue Service ("IRS") in a wrongful levy

15   situation because no levy had occurred. See id. at 536. In this case, no property has been seized, and no

16   amounts have been paid by, or collected from, Plaintiff to satisfy the tax lien on the property—thus, any

17   distinction to be drawn based on the facts of Williams and this case does not favor Plaintiff. Under

18   Williams and EC Term of Years Trust, Plaintiff cannot challenge an allegedly wrongful tax lien under §

19   7426(a)(1).[1]

20   Furthermore, while Plaintiff devotes several pages to argue it would lack a meaningful remedy

21   absent a claim under § 7426(a)(1), it fails to acknowledge Claim Two of the First Amended Complaint, a

22   quiet title claim under 28 U.S.C. § 2410. Section 2410(a) allows a claim "to quiet title to . . . real or

23   personal property on which the United States has or claims a mortgage or other lien." Plaintiff has

24   already pled the meaningful remedy it claims would be deprived by the dismissal of Claim One, and to

25

26   [1] The suggestion that the wrongful levy action is proper because the IRS did not notify Plaintiff within
thirty days that its administrative claim was "inadequate," pursuant to a Treasury regulation, is wholly
27   without merit. See Pl.'s Opp'n at 10. The claim was denied because there was no property seized and
nothing to return, not because it was procedurally inadequate. See id., Ex. A.

28   Reply Mem. re US Motion to Dismiss Claim One        - 2 -                Civil No. 08-cv-0110-BTM-BLM

1   the extent Plaintiff's Opposition asserts that it otherwise lacks a remedy against the IRS, it is simply

2   wrong.

3          Plaintiff concedes that the United States has not seized—*i.e.*, does not have possession of—the

4   real property that is the subject of this action.  Pl.'s Opp'n at 6-7 (acknowledging the "fact that the

5   Government has not physically 'seized' the property").  Under <u>Williams</u> and <u>EC Term of Years Trust</u>,

6   this Court lacks subject matter jurisdiction over Claim One for wrongful levy under § 7426(a)(1).

7   DATED this 9th day of May, 2008.

8                                                        Respectfully submitted,

9                                                        KAREN P. HEWITT
                                                         United States Attorney
10
                                                         TOM STAHL
11                                                       Assistant United States Attorney

12
                                                          /s/ Justin S. Kim
13                                                       JUSTIN S. KIM
                                                         Trial Attorney, Tax Division
14                                                       United States Department of Justice

15                                                       Attorneys for the United States

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2       I HEREBY CERTIFY that on this 9th day of May, 2008, I electronically filed the foregoing with the

3   Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

4   William P. Shannahan, wpshan@sbcglobal.net; David J. Lenci, david.lenci@klgates.com,

5   shirli.simmons@klgates.com; Michael K. Ryan, michael.ryan@klgates.com, linda.gage@klgates.com; and

6   I hereby certify that I have mailed by U.S. Postal Service the foregoing to the following non CM/ECF

7   participants: none.

8

9                                    /s/ Justin S. Kim
                                     JUSTIN S. KIM
                                     Trial Attorney, Tax Division
10                                   U.S. Department of Justice

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28