# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP,<br>    Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>    Defendant.<br>FOURTH INVESTMENT LP,<br>    Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>    Defendant. | CASE NO. 08CV100; 08CV110 BTM (BLM)<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiffs Leeds LP and Fourth Investment LP, in the above two related cases, have filed complaints challenging tax liens placed on their property by Defendant United States. Plaintiffs allege a first cause of action for recovery of wrongful levy pursuant to 26 U.S.C. § 7426 and a second cause of action to quiet title pursuant to 28 U.S.C. § 2410.  Defendant brings the instant motion to dismiss Plaintiffs' first cause of action arguing that Plaintiffs cannot challenge a federal tax *lien* through a wrongful *levy* action under 26 U.S.C. § 7426.[1]

---

[1]  Plaintiffs also allege violation of 26 U.S.C. § 6343(b) which deals with return of wrongfully levied property.  This provision however does not provide for a waiver of sovereign immunity as does 26 U.S.C. § 7426.  The limits of this Court's jurisdiction over Plaintiffs's action is therefore analyzed under 26 U.S.C. § 7426.

1  For the reasons set forth below, the Court agrees.

2  26 U.S.C. § 7426(a)(1) provides for a waiver of sovereign immunity in the following
3  situation:

4  > If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

7  The Supreme Court has made clear that a challenge under 26 U.S.C. § 7246(a)(1)[2] can only
8  be brought if the government has placed a *levy* on the property. United States v. Williams,
9  514 U.S. 527, 536 (1995) ("If the Government has not levied on the property – as it has not
10 levied on the Williams' home – the owner cannot challenge such a levy under 26 U.S.C. §
11 7246.") The Supreme Court has also made clear that a lien and a levy are distinct and
12 separate concepts with separate remedies when they are wrongfully imposed. Id.; EC Term
13 of Years Trust v. United States, 127 S. Ct. 1763, 1765 (2007).  Whereas a wrongful levy is
14 challenged under 26 U.S.C. § 7246, a wrongful lien can be resolved through a quiet title
15 action under 28 U.S.C. § 2410(a)(1).  Williams, 514 U.S. at 536.

16 Here, Plaintiffs allege that the United States "illegally arbitrarily and unlawfully issued
17 and recorded a lien against Plaintiff's property." (Leeds FAC ¶11; Fourth Investment FAC
18 ¶11) Although each complaint contains general language asserting that the "property liened,
19 levied, and seized" belongs to Plaintiffs (FAC ¶¶ 10, 20, 22), it appears from the remainder
20 of the complaints that Plaintiffs only allege a lien placed on the property rather than a levy
21 and seizure. As set forth by the Ninth Circuit and the Supreme Court, a lien is a security
22 interest in property that has not been enforced whereas a levy is the seizure and sale of a
23 property to collect taxes. EC Terms of Years at 1763; United States v. Barbier, 896 F.2d
24 377, 379 (9th Cir. 1990).  Because statutory waivers of sovereign immunity must be strictly

---

[2] The other sections of § 7426 provide for relief in situations where (1) the property has been sold pursuant to a levy; (2) the property has been sold and the proceeds of the sale held subject to liens of the United States; or (3) a certificate of discharge has been issued because the owner of the property deposited the value of the lien. Plaintiffs do not appear to contend that they seek relief under these provisions or §7426. Nor do these provisions appear applicable to Plaintiffs given the facts as pled in the operative complaint.

construed, the Court cannot accept Plaintiffs' argument that they should be allowed to challenge a lien pursuant to 26 U.S.C. § 7246 because a lien is the first step towards a levy and seizure. Safeway Portland Employees' Fed. Credit Union v. FDIC, 506 F.2d 1213, 1216 (9th Cir. 1974). The Court also notes that Plaintiffs are not without a remedy because they may resolve the allegedly wrongful lien through their quiet title cause of action.[3]

Because the waiver of sovereign immunity under § 7246 does not reach the facts as alleged in Plaintiffs' complaints, the Court dismisses the first cause of action in both related cases for lack of jurisdiction without prejudice. Plaintiffs may at any time during the pendency of this proceeding amend their complaint to allege that a levy has occurred.

IT IS SO ORDERED.

DATED: May 22, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[3] The Court has reviewed First American Title Insurance Company v. United States, 520 F.3d 1051 (9th Cir. 2008) which was submitted by Plaintiffs as supplemental authority. While First American generally notes that not all lien cases need be treated under §1346 as opposed to § 7246, it does not hold that an allegedly wrongful lien may be challenged under §7246(a)(1) for wrongful levies. Other provisions such as §7426(a)(4) specifically deal with circumstances in which a lien is involved as opposed to a levy.