# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH INVESTMENT LP,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No. 08cv110 BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE WITNESSES AND EXHIBITS** |

Defendant United States of America moves to strike certain witnesses and exhibits belatedly disclosed by Plaintiff [Doc. 56]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion.

## I. BACKGROUND

This is a quiet title suit challenging tax liens placed on Plaintiff's property by the United States. Defendant's motion before the Court seeks to exclude two declarations from a now-deceased witness[1] and several other exhibits. The United States claims that Plaintiff failed to timely disclose these exhibits. Plaintiff argues that its failure was harmless or substantially justified.

---

[1] G. William Dunster, died during the briefing of this motion. The United States originally moved to prevent him from testifying at trial. That portion of its motion is moot. But the United States also opposes introduction of two declarations Dunster made. The Court therefore only addresses the two declarations.

## II.  LEGAL STANDARD

A party must disclose documents and the identity of witnesses likely to have discoverable information that the party may use to support its claims.  Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii).  This is a continuing duty, and the disclosure must be supplemented if the party later learns of additional witnesses or responsive information.  *See* Fed. R. Civ. P. 26(e); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).  A party must also disclose the identity of each expert witness and their written reports at the time and in the sequence that the court orders.  Fed. R. Civ. P. 26(a)(2)(A)–(C); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Failure to make the required disclosures has its consequences.  "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information . . . that is not properly disclosed."  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1) because it is a "self-executing, *automatic* sanction to provide a strong inducement for disclosure of material."  *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)) (emphasis added and internal quotation marks omitted).  The automatic sanction will not be applied if the failure to disclose was either substantially justified or harmless.  *Yeti*, 259 F.3d at 1106; Fed. R. Civ. P. 37(c)(1).  "[T]he burden is on the party facing sanctions to prove harmlessness [or justification]."  *Yeti*, 259 F.3d at 1107.

## III.  DISCUSSION

Plaintiff concedes that their required disclosures were late.  So the only issue before the Court is whether Plaintiff has met its burden of proving substantial justification or harmlessness.  The Court evaluates each belatedly disclosed witness and exhibit below.

**1.  Declarations of G. William Dunster**

Plaintiff disclosed that it intended to call Mr. Dunster as a fact witness on November 17, 2009, over a year after the deadline for initial disclosure of fact witnesses.  Mr. Dunster

died while the parties briefed this motion, and Plaintiff now seeks to introduce two of his declarations at trial. Plaintiff again does not dispute the late disclosure, and can only introduce the evidence if it establishes harmlessness or substantial justification. *See Yeti*, 259 F.3d at 1106.

Plaintiff fails to show, and barely even addresses, harmlessness or substantial justification. Instead, Plaintiff focuses on the United States's conduct during discovery. Plaintiff also cites *United States v. Bachsian*, 4 F.3d 796, 799 (9th Cir. 1993) to support its argument that because Plaintiff included the declarations as trial exhibits, the United States had notice of them and could not be surprised. That case, however, does not address automatic Rule 37(c) exclusions. *See id.* It only addresses the residual hearsay exception. The United States would be harmed by allowing these declarations because it cannot depose Mr. Dunster. Although the United States asked to depose Mr. Dunster during discovery, it appears Plaintiff led the United States to believe that Mr. Dunster was too ill to be deposed and also would not be used as a witness at trial. Plaintiff gives no justification for its failure to identify Mr. Dunster as a witness or to timely disclose the declarations when they were made. And Plaintiff cannot now use his declarations after disclosing them after the deadline and denying the United States an opportunity to depose him.

But even if Plaintiff could establish harmlessness or justification, the declarations would still be inadmissible. Plaintiff claims they are admissible under Federal Rule of Evidence 807, the residual hearsay exception. But one of the exception's elements is that the "evidence must have circumstantial guarantees of trustworthiness." *Bachsian*, 4 F.3d at 798. Here, the evidence lacks any guarantee of trustworthiness.

Documents prepared for purposes of litigation lack the guarantee of trustworthiness that Rule 807 requires. *See Wilander v. McDermott Int'l, Inc.*, 887 F.2d 88, 91–92 (5th Cir. 1989) (residual exception did not apply because statement prepared in anticipation of litigation and was later contradicted by witness). Mr. Dunster signed these declarations in the course of this litigation to help prepare Plaintiff's Rule 30(b)(6) witness for a deposition. Moreover, he was "[f]or many years . . . a close personal friend of Don and Susanne

Ballantyne." (Dunster Decl. re McCall St. & Fourth Ave. Properties ¶ 2.) The Ballantynes are the people that owed the IRS money and the reason why the IRS placed a lien on the property at issue here. Mr. Dunster could therefore have an interest in the outcome of the litigation. For these reasons, Mr. Dunster's declarations do not have circumstantial guarantees of trustworthiness.

The Court excludes Mr. Dunter's declarations under Rule 37(c), and also finds that they would not qualify under the residual hearsay exception.

**2.     Other Trial Exhibits**

The United States also moves to exclude four trial exhibits based on their late disclosure: (1) photographs of real property located at 3207 McCall Street, San Diego, CA (Trial Exs. 4035–4047) ; (2) photographs of real property located at 1280 Fourth Ave., San Diego, CA (Trial Exs. 2046–2050, 4048–4057); and (3) a title report for the Fourth Street property. Again, Plaintiff does not dispute late disclosure, and must therefore show harmlessness or substantial justification.

A.     <u>Photographs</u>

When the United States filed its reply brief, Plaintiff still had not produced several of the photographs to the United States. Plaintiff only listed them in its pre-trial disclosures. Plaintiff provides no justification for its failure to disclose and produce these photographs in a timely manner.

Plaintiff does, however, argue that its failure is harmless. Plaintiff focuses on the United States's failure to take its own photographs during discovery. But that is largely irrelevant to whether Plaintiff's failure to disclose was harmless. Nevertheless, the Court finds that the late disclosure of the photographs is relatively harmless because the United States may now take its own photographs if it wishes to do so. If upon taking its photographs, the United States discovers changed circumstances or other grounds for showing harm, it may renew its motion to strike on this ground.

Plaintiff must make the McCall Street and Fourth Avenue Properties available for photographing within thirty days of the filing of this order.

### B. Title Report for Fourth Street Property

Plaintiff seeks to introduce at trial a title report for the Fourth Street property which was not timely disclosed. In fact, when the parties briefed this motion, Plaintiff had not yet obtained it. Plaintiff makes virtually no effort to show either that its untimely disclosure was either harmless or justified. It merely argues that because the title report will be produced at some point before trial, the United States cannot be surprised or unable to prepare for it.

The Court finds that whether or not the title report is harmful depends on its contents. It may contain information that the United States would have asked deponents about, or it may not. And the title report might be harmful in other ways that the parties have not considered because Plaintiff has not produced it. Plaintiff must produce the title report within thirty days of the filing of this order. The United States may then renew its motion to strike if it wishes to do so.

### IV. CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendant's motion to strike [Doc. 56]. The Court excludes the two Dunster declarations. The Court orders Plaintiff to make the Fourth Ave. and McCall Street properties available for photographing by the United States within thirty days of the filing of this order. The Court also orders Plaintiff to produce its title report within thirty days of the filing of this order.

**IT IS SO ORDERED.**

DATED: June 1, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge