# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTH INVESTMENT LP, a California Limited Partnership,<br><br>                 Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Defendant. | Case No. 08cv110-BTM (BLM)<br><br>**ORDER RE MOTION TO ADMIT LAY OPINION TESTIMONY AS TO PROPERTY VALUE** |

      Plaintiff seeks admission of Don Ballantyne's handwritten valuation notes (Exh. 2004, 2011, and 2015), Susanne C. Ballantyne's notes documenting an unaccepted offer by a third-party (Exh. 2016), and both Don and Susanne Ballantyne's testimony for the purpose of determining the value of a 12.5% undivided interest in the Fourth Avenue property. For the reasons that follow, this motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

      Don Ballantyne testified at trial that he valued a 12.5% interest in the Fourth Avenue property for three transactions for partnership units in Fourth Investment, LP, ("Fourth"): (1) between Fourth and Rhodes for a 1% interest in Fourth (Exh. 2004); (2) between Fourth and Hemet C for a 1% interest in Fourth (Exh. 2011); and (3) between the Susanne C. Ballantyne Trust and Hemet C for sale of the Trust's 98% interest in Fourth (Exh. 2015). With respect to the first two transactions, Mr. Ballantyne testified that he prepared valuations as an advisor to the Susanne C. Ballantyne Trust "from the Fourth Investment point of view." With respect

to the third transaction, although the record is not clear as to whether Mr. Ballantyne was acting as an advisor to the Susanne C. Ballantyne Trust or in his capacity as an officer of Hemet C's general partner, Snow Valley Holdings, Plaintiff's brief is directed solely at whether Mr. Ballantyne's opinion is admissible as the spouse of Susanne C. Ballantyne and as an advisor to her trust. (*See* Mot. at 2)

The Court admitted Don Ballantyne's testimony, his valuation notes, and Susanne Ballantyne's notes of a third-party offer for the purpose of showing the process Mr. Ballantyne used to calculate the value of the 12.5% interest in the property. However, the Court denied without prejudice their admission for the truth of the matter asserted, *i.e.*, the true value of this interest, and requested briefing on the issue of whether an informal advisor to the owner of commercial property can offer lay opinion regarding the value of that property. After these briefs were filed, Plaintiff sought admission of Susanne Ballantyne's testimony about the value of the interest in the Fourth property and her notes of a third-party offer for the purpose of establishing market value. Even though their supplemental briefing was directed at Don Ballantyne's testimony, the parties represent – and the Court agrees – that this briefing is sufficient to address all issues before the Court.

## II. DISCUSSION

### A. Susanne Ballantyne's Testimony

"An owner, because of his ownership, is presumed to have knowledge of the property and may testify as to its value." *United States v. 10,031.98 Acres of Land*, 850 F.2d 634, 636 (10th Cir. 1988). In line with this presumption, it is proper for "the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert." FRE 701 Advisory Notes to the 2000 Amendments; *see also Stoebner Holdings, Inc. v. Automobili Lamborghini S.P.A.*, No. 06-cv-00446, 2007 U.S. Dist. LEXIS 88225, at *6-9 (D. Haw. Nov. 30, 2007) (collecting authority for the proposition that "the owner or officer of a business may testify as to the value or profits of a business" as a lay witness under FRE 701). "Such opinion testimony is admitted not because of experience, training or specialized knowledge within

the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." FRE 701 Advisory Notes to the 2000 Amendments.

Defendant does not challenge the existence of this rule, but rather argues that it cannot be relied upon here as evidence of value of the Fourth interest because (1) Plaintiff failed to designate Ms. Ballantyne under Fed. R. Civ. P. 26(a)(2)(A) as a witness offering testimony under FRE 702; and (2) Ms. Ballantyne's valuation is based on inadmissible evidence. (Opp. at 3-5) Neither argument is persuasive.

Defendant's position that Ms. Ballantyne's testimony is inadmissible because she was not designated as an expert rests on the assertion that "even though landowners are permitted to testify concerning land values generally, that testimony is considered to be provided under FRE 702." (Opp. at 3) Defendant relies on a single case for this proposition, *Tamen v. Alhambra World Inv.*, 22 F.3d 199 (9th Cir. 1994). However, the Ninth Circuit in *Tamen* held only that the district court did not err in qualifying a landowner as an expert witness to testify as to property value. *Id.* at 206. This holding is unremarkable given that the Advisory Committee for the Federal Rules of Evidence contemplates that an owner's testimony regarding value may be admitted under either FRE 701 or 702. *Compare* FRE 701 Advisory Notes to the 2000 Amendments (discussed above) *with* FRE 702 Advisory Notes 1972 Proposed Rules ("[W]ithin the scope of the rule are . . . landowners testifying to land values."). Absent authority that FRE 702 is the exclusive means to admit such testimony, the Court holds that Plaintiff need not designate Ms. Ballantyne under Fed. R. Civ. P. 26(a)(2)(A) for her to offer testimony regarding the value of her interest in Fourth. *See Servicios Aereos Del Centro S.A. De C.V. v. Honeywell Int'l, Inc.*, 03-cv-1993, 2006 U.S. Dist. LEXIS 67691, at *4 (D. Ariz. Aug. 23, 2006) (allowing Executive President of company that owns aircraft to present lay testimony as to value of jet engines under FRE 701 without being disclosed as an expert to present testimony under FRE 702).

Defendant's second argument presents a closer question. Ms. Ballantyne testified that she based her valuation of the Fourth interest in large part on Don Ballantyne's advice

and an unaccepted offer by a third-party – neither of which is admissible for the purpose of establishing value for the reasons set forth below. Although Defendant cites non-binding case law for the proposition that a lay owner testifying as to value cannot offer testimony based on inadmissible hearsay, *see, e.g.*, *Cunningham v. Masterwear Corp.*, 569 F.3d 673, 676 (7th Cir. 2009) (owner cannot "merely repeat another person's valuation"), the Court finds persuasive contrary case law holding that a lay owner can "base his value opinion on the second-hand information" and hearsay. *Hornick v. Boyce*, 280 Fed. Appx. 770, 774 (10th Cir. 2008); *see also Robinson v. Watts Detective Agency, Inc.*, 685 F.2d 729, 739 (1st Cir. 1982) (owner allowed to give estimate of property value based in part on hearsay). Speaking to advisors and other third-parties is "a common and reliable way" for an owner to measure value of her property. *Robinson v. Watts Detective Agency, Inc.*, 685 F.2d 729, 739 (1st Cir. 1982). Excluding testimony about such conversations on hearsay grounds would make the rule allowing an owner to present lay opinion on value applicable in only limited circumstances. Therefore, Ms. Ballantyne's testimony about how she reached a valuation of the Fourth interest is admissible.[1] The Court will scrutinize the basis of this valuation when evaluating the probative worth of her testimony. *C.f. 10,031.98 Acres of Land*, 850 F.2d at 636-637 (allowing lay landowner's value testimony, but acknowledging that this valuation may have no probative worth).

**B. Don Ballantyne's Testimony And Valuation Notes**

Plaintiff argues that "Don Ballantyne's lay opinion as to the value of Property is admissible as he is the spouse of Susanne C. Ballantyne, who previously owned the Property through the Susanne C. Ballantyne Trust (of which Don Ballantyne was an advisor)." (Mem. at 2) Plaintiff does not contend that Don Ballantyne was acting as an owner, officer, director, employee, or shareholder of an entity involved in the three

---

[1] Allowing such testimony is especially appropriate where – as here – the witness relying on hearsay has "substantial personal familiarity with the property." *Robinson v. Watts Detective Agency, Inc.*, 685 F.2d at 739. The Susanne C. Ballantyne Trust had been the sole owner of the Fourth property interest since May 1988, and it was owned by Susanne Ballantyne, individually, before that date.

transactions when he performed valuations of the 12.5% interest in the Fourth property,[2] and Plaintiff does not cite (and additional research did not uncover) any federal case law where an advisor or spouse is permitted to offer lay opinion as to value. *C.f. Servicios Aereos*, 2006 U.S. Dist. LEXIS 67691, at *5 ("Lay testimony from [consultant and former long-term employee] would not fall within the ambit of those authorities which allow lay opinion testimony about the value of property on the basis of the owner's familiarity with the value of his own property.").

Instead, Plaintiff relies on California Evidence Code section 813(a)(2) for the proposition that "the spouse of the owner of the property or property interest being valued" may provide opinion testimony as to value. (Mot. at 4-5) Even if the Court was to look to State evidentiary law as persuasive authority,[3] the provision cited by Plaintiff would not apply to Mr. Ballantyne. The 1980 Law Revision Commission Comments to Cal Evid Code § 813 explain that this rule was amended to "make clear that either spouse may testify as to the value of community property since both spouses are the owners." Plaintiff does not contend that the interest in the Fourth property was ever held as community property or that Mr. Ballantyne was a co-owner.

Absent a showing that Mr. Ballantyne held particularized knowledge of the business of Fourth that would place him in an analogous position to an owner, officer, director, employee, or shareholder, Plaintiff cannot take advantage of the common law rule that allows an owner of a business to testify as to value. Plaintiff offers no alternative basis for admission of Mr. Ballantyne's testimony and hand-written valuation notes for the purpose of

---

[2] Although Don Ballantyne is an officer of Hemet C's general partner, Snow Valley, Plaintiff does not assert that Mr. Ballantyne was acting on behalf of Hemet C when he provided value calculations for the transactions where Hemet C purchased limited partnership units from Fourth and the Susanne C. Ballantyne Trust. Mr. Ballantyne testified that he was acting "from the Fourth Investment point of view" with respect to the former transaction. With respect to the latter, because Plaintiff did not brief the issue as to whether a purchaser's lay opinion can be admissible to prove value, the Court assumes that Don Ballantyne again was acting in his capacity as advisor to the Susanne C. Ballantyne trust.

[3] As correctly pointed out by Defendant, the Court applies Federal Rules of Evidence to resolve this issue. *See Downeast Ventures, LTD. v. Wash. County*, 450 F. Supp. 2d 106, 109 (D. Me. 2006).

determining value of the Fourth interest, and therefore, the Court denies their admission for this purpose.

## C. Third-Party Offer

It is long and well-settled that an unaccepted offer to buy is inadmissible to establish market value. *See Sharp v. United States*, 191 U.S. 341, 348-49 (1903); *10,031.98 Acres of Land*, 850 F.2d at 637. Therefore, Ms. Ballantyne's hand-written notes documenting a telephone conversation with a third-party who offered to buy one-half of the Susan C. Ballantyne Trust's interest in the Fourth property cannot be admitted for this purpose. However, this document is admissible as circumstantial evidence of Ms. Ballantyne belief that consideration in the transaction between her Trust and Fourth was adequate.

The Court will fully detail its approach to determining nominee status in its Findings of Fact and Conclusions of Law after the trial concludes, but now holds that intent of the Ballantynes is one of the factors relevant to this analysis. *See U.S. v. Beretta*, No. C 07-02930, 2008 WL 4862509, *7 (N.D. Cal. Nov. 11, 2008) ("The factors relevant to determination of nominee status are essentially the same as those used to determine fraudulent intent. . . ."); Stephanie Hoffer, et al., *To Pay or Delay: The Nominee's Dilemma Under Collection Due Process*, 82 TUL. L. REV. 781, 818 (2008) ("In both nominee and fraudulent conveyance situations, a delinquent taxpayer has transferred property to a third party in order to evade the [Internal Revenue] Service's collection action."); *United States v. Carter*, No. 08cv1633, 2010 U.S. Dist. LEXIS 52732, at *6 (S.D. Cal. 2010) (finding of nominee status where "the purported transfer was made to avoid tax liabilities from earlier tax years").[4] A belief that there was adequate consideration for the transfer would be relevant to whether the transaction was for a legitimate purpose. As before, the Court will

---

[4] As noted in the Court's order on summary judgment motions, there is no binding California authority identifying the factors to be used in determining nominee status. [*See* dock. #98] Accordingly, "it is the task of the district court to do its best to predict how the California Supreme Court would likely resolve [this issue]." *Adam v. United States*, No. 07-56358, 2010 U.S. App. LEXIS 21375, at *4 n.1 (9th Cir. October 15, 2010). To do so, the Court looks to such authorities as "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements." *Id.* (quoting *Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004)).

analyze the probative value of this evidence in light of all circumstances surrounding this transfer.

### III. CONCLUSION

Plaintiff's motion to admit lay opinion testimony as to property value is **GRANTED** in part and **DENIED** in part.  Susanne Ballantyne's testimony is admissible for the purpose of determining market value.  Don Ballantyne's testimony, handwritten notes, and notes documenting a third-party offer to buy half of the Ballantynes' interest in Fourth are not admissible for this purpose.  However, as factors used in Ms. Ballantyne's analysis, she may testify about the substance of her conversations with Don Ballantyne and about the third-party offer.  Notes documenting this offer are also admissible for the purpose of providing evidence of Ms. Ballantynes' intent in transferring her interest in the Fourth property.

**IT IS SO ORDERED.**

DATED: January 21, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge